IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: : | : | |
| AE LIQUIDATION, INC., et al., | : | Chapter 7 |
| | : | Bankr. Case No. 08-13031 (MFW) |
| Debtors. | : | |
| | : | |
| JORGE MATA, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adversary No. 08-51891-MFW |
| | : | |
| ECLIPSE AEROSPACE, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| PRODUCTION LINE GROUP, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Misc. No. 10-193-LPS |
| | : | |
| ECLIPSE AEROSPACE, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 10th day of May, 2011, having reviewed the papers submitted in connection with Plaintiffs'[1] Motion for Leave to Appeal Order Denying Plaintiffs' Motion to Dismiss Adversary Proceeding for Lack of Subject Matter Jurisdiction (the "Motion") (D.I. 1, 3), and Defendant's opposition thereto (D.I. 2);

---

[1]Plaintiffs are collectively referred to as the "Production Line Group." (*See* D.I. 1, App. 1 & App. 2; D.I. 3 Exs. A & B)

1

IT IS ORDERED that the Motion is DENIED for the reasons that follow:

1. **Background**. The pertinent background is set forth by the Bankruptcy Court in its August 4, 2010 Memorandum Opinion:

> Eclipse Aviation Corporation (the "Debtor") developed and manufactured private jets. The Debtor agreed to develop and manufacture a private jet for each member of the Production Line Group, pursuant to various purchase agreements (the "Aircraft Purchase Agreements").
>
> Under each Aircraft Purchase Agreement, a member of the Production Line Group separately agreed to purchase an Eclipse 500 airplane from the Debtor and paid a portion (typically 60%) of the purchase price. The Debtor was to build a specific and identifiable airplane according to the specifications and requirements of the particular purchaser.
>
> Prior to the completion and delivery of the airplanes, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 25, 2008. Thereafter, the Production Line Group acted to preserve and protect its members' ownership interests in the undelivered aircraft (the "WIP Aircraft"), by commencing [an] adversary proceeding (the "WIP Adversary Proceeding") by filing a complaint on December 22, 2008, for Declaratory and Other Relief (the "Complaint"). In the Complaint, the Production Line Group seeks a determination that its members possess property interests and rights in the WIP Aircraft, that those property interests and rights are superior to any interests and rights of the Debtor, that they are entitled to replevin the WIP Aircraft, that they are entitled to specific performance, that they hold equitable liens and constructive trusts on the WIP Aircraft, that the WIP Aircraft are not property of the Debtor's bankruptcy estate, that the WIP Aircraft may not be sold under section 363(b), and/or that the WIP Aircraft may not be sold free and clear of their interests under section 363(f).
>
> After filing its chapter 11 petition, the Debtor sought to sell substantially all of its assets. [While, on] January 23, 2009, the Court entered an order approving the sale of the Debtor's assets to [a certain buyer] . . . [such buyer] was unable to obtain financing

2

> for the asset purchase . . . and the sale never closed. As a result . . .
> the Debtor's chapter 11 bankruptcy case [was converted] to a case
> under chapter 7 of the Bankruptcy Code . . . [and a chapter 7
> trustee was appointed] (the "Trustee"). The Production Line
> Group amended the Complaint on July 16, 2009, to name the
> Trustee as a defendant.
>
> The Trustee sought to sell the Debtor's assets as quickly as
> possible, citing liquidity problems and regulatory concerns. On
> July 31, 2009, the Trustee filed a Motion for an order authorizing
> the sale of substantially all of the estate's assets free and clear of
> liens, claims and encumbrances under section 363(b) and (f) of the
> Bankruptcy Code pursuant to an asset purchase agreement (the
> "APA") with Eclipse Aerospace, Inc. ["Eclipse"].
>
> On August 14, 2009, the Production Line Group filed a
> Limited Objection and Reservation of Rights (the "Limited
> Objection") to the proposed Sale Motion. The Production Line
> Group did not object to the proposed sale of the assets, despite
> claiming that the WIP Aircraft were not property of the estate.
> Rather, it sought to preserve its rights by adding provisions to the
> sale order and APA that would allow it to recover the WIP Aircraft
> from [Eclipse] if it succeeded in the WIP Adversary Proceeding.
> [Eclipse] agreed to buy the WIP Aircraft subject to the rights of the
> Production Line Group as the Court may determine them. On
> August 28, 2009, the Court entered an Order (the "Sale Order")
> authorizing the sale to [Eclipse], on the terms of the APA between
> [Eclipse] and the Trustee.

(D.I. 3 Ex. B at 2-4) Subsequent to the entry of the Sale Order, Eclipse intervened in the WIP Adversary Proceeding, and the Production Line Group moved to dismiss the adversary action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (*See id.* at 5; D.I. 1 App. 9 at 1)

On August 4, 2010, the Bankruptcy Court entered an order denying Plaintiffs' motion to dismiss their own adversary proceeding for want of subject matter jurisdiction. (*See* D.I. 3 Ex. A (the "Order")) In deciding the motion to dismiss, the Bankruptcy Court concluded, first, that it

possessed jurisdiction to determine whether it had subject matter jurisdiction over the WIP Adversary Proceeding. (*See* D.I. 3 Ex. B at 5) Second, the Bankruptcy Court also concluded that it indeed had jurisdiction over the subject matter of the WIP Adversary Proceeding because it is vested with "exclusive jurisdiction to determine whether or not the WIP Aircraft was property of the estate at the time of the sale." (*Id.* at 17; *see also id.* at 20)

Presently before the Court is Plaintiffs' request for leave to appeal the Bankruptcy Court's August 4, 2010 Order denying their motion to dismiss the adversary action for lack of subject matter jurisdiction. As all parties agree that the instant action constitutes an interlocutory appeal, the Court must determine whether interlocutory appellate review is warranted here. For the reasons that follow, the Court concludes that it is not.

2. **Analysis**. This Court has jurisdiction to hear appeals "from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). Section 158(a) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. *See id.* Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals. *See In re SemCrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) ("In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of a district court's interlocutory order to a court of appeals is warranted."); *see also In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit

confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b).").

Under the standards of Section 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Moreover, entertaining an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude*, 2010 WL 4537921, at *2 (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)).

Finally, "these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal." *In re SemCrude L.P.*, 407 B.R. 553, 557 (D. Del. 2009). Leave to file an interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

  a. **<u>Controlling question of law</u>.** First, to demonstrate that a controlling issue of law exists, Plaintiffs assert that the question on appeal is "whether the Bankruptcy Court properly may exercise its jurisdiction to adjudicate an adversary proceeding that raises a dispute over the ownership of non-Estate property – in which, by operation of the Sale Order's terms, the

5

Estate expressly is divested of any interest in the property. Such a question [is one] of 'pure law.'" (D.I. 1 at 10) Being such a "pure law" question, Plaintiffs contend that it "can be reviewed 'quickly and cleanly without having to study the record.'" (*Id.* at 9-10) As Defendants point out, however, Plaintiffs' contention that "the question on appeal is whether the Bankruptcy Court can exercise its jurisdiction to adjudicate an adversary proceeding 'that raises a dispute over the ownership of non-Estate property'" is incorrect, as, instead, "[t]hat issue – whether the property is or is not bankruptcy estate property – is the very question presented by the Adversary Proceeding." (D.I. 2 at 7)

In their amended complaint, Plaintiffs state that they "are seeking replevin, specific performance, recovery of the Airplanes, the imposition of equitable liens and constructive trusts, and *a determination that the Airplanes are not property of the Debtor's bankruptcy estate*." (D.I. 1, App. 3 ¶ 1) (emphasis added) In its opinion,[2] the Bankruptcy Court pointed out that the issue of whether property was, or was not, property of the estate, has not been decided. (*See* D.I. 3 Ex. B at 17) Throughout its opinion, the Bankruptcy Court noted that "[t]he Buyer is obligated under the Sale Order and the APA to return the WIP Aircraft to the Production Line Group *if the WIP Aircraft was not owned by the estate at the time of the sale.*" (*Id.* at 17 (emphasis added); *see also id.* at 5, 19) The Bankruptcy Court agreed with the adversary defendants that "it has exclusive jurisdiction to determine whether or not the WIP Aircraft was property of the estate at the time of the sale." (*Id.* at 17) Moreover, the Bankruptcy Court noted that its "determination

---

[2]The Bankruptcy Court determined that the adversary action constituted a "core" proceeding over which the court had jurisdiction (to determine whether the assets were or were not property of the estate at the time of the sale) and also one in which the court had subject matter jurisdiction over rights under Section 544 of the Bankruptcy Code. It also determined that it had "related to" jurisdiction over certain Section 541 claims. (*See* D.I. 3 Ex. B at 17-20)

6

of whether the WIP Aircraft was or was not property of the estate *will affect the estate and other creditors of the estate.*" (*Id.* at 20 (emphasis added); *see id.* at 19-20)

It follows, as Defendants argue, that the Court will necessarily "have to engage in a sufficiently detailed study of the facts and the record to ultimately determine the outcome of the appeal," and, hence, this "appeal can not legitimately be reduced to a quick legal analysis amenable to decision 'quickly and cleanly without having to study the record.'" (D.I. 2 at 7) Furthermore, to the extent Plaintiffs argue that there is no related-to jurisdiction – because, for example, the outcome of the adversary action could not conceivably impact the estate – they simply take exception to the Bankruptcy Court's largely factual consideration of the effect of the claims on the estate. *See* D.I. 3 Ex. B at 19-20; *In re SemCrude*, 2010 WL 4537921, at *3 ("[T]he court is not convinced that . . . a question of law [has been raised] because the bankruptcy court's denial of the motions to dismiss was based on its finding that it had related to jurisdiction, which is a fact-intensive inquiry. The Third Circuit has held that '[w]hat will or will not be sufficiently related to a bankruptcy to warrant the exercise of subject matter jurisdiction is a matter that must be developed on a fact-specific, case-by-case basis.' *In re W.R. Grace & Co.*, 591 F.3d 164, 174 n.9 (3d Cir. 2009). To the extent . . . [it is] argue[d] that there is no related to jurisdiction because the outcome of the adversary proceedings could not conceivably have an effect on the estate, [this] challenge[s] the bankruptcy court's largely factual determination regarding the effect of the claims on the estate."). Again, the Court is not persuaded that Plaintiffs have raised a controlling question of law.

      **b.**     **Substantial grounds for difference of opinion.** Nor is the Court persuaded that substantial grounds for difference of opinion exist as to whether the Bankruptcy

7

Court's jurisdiction properly extends to the ownership dispute. A "movant's mere disagreement with the [] ruling is not a substantial ground for difference of opinion for Section 1292(b) purposes." *In re Dwek*, 2011 WL 487582, at *4 (D.N.J. Feb. 4, 2011); *see also In re SemCrude*, 2010 WL 4537921, at *3 (same). Here, Plaintiffs describe the "competing jurisdictional principles" advocated by themselves and, by contrast, those relied on by the Bankruptcy Court. (D.I. 1 at 12) As Plaintiffs explain:

> On the one hand, as the Production Line Group argued, the Sale Order marked "an event of jurisdictional significance," inasmuch as "the sale was structured so as to wholly insulate the Debtor from the outcome of an adjudication of these claims," effectively to "divest[] the Debtor of all right, title and interest in the aircraft," and providing that for the Buyer to "assume[] the potential liability to return the aircraft to the members of the Production Line Group." (A:8-1-2) And because of such removal of the Production Line Group's claims from the provisions of the Bankruptcy Code, . . . the bankruptcy court as a matter of law, the Production Line Group argued, was divested of its jurisdiction.
>
> On the other hand, as the bankruptcy court determined, the Sale Order, while conveying to the Buyer the Estate's right, title, and interest in the aircraft, did not divest the bankruptcy court of its jurisdiction to determine whether the assets [that] were the subject of the Sale Order were property of the Estate at the time of the sale because the Buyer acquired the "rights, claims and/or defenses of the Trustee or the estate," and such "rights it acquired to defend the action include rights arising under the Bankruptcy Code," falling within the bankruptcy court's core jurisdiction. *Id.* at 18.

(*Id.*) Plaintiffs' disagreement with the Bankruptcy Court's conclusions does not create a substantial ground for difference of opinion.

        c.      **Materially advance termination of litigation.** Plaintiffs assert that "[r]esolution at this juncture of the issue whether the bankruptcy court has jurisdiction to

adjudicate the dispute over ownership of the airplanes – which dispute does not involve the Debtor or property that is, or could in the future become, part of the Debtor's bankruptcy estate – will materially advance the litigation toward termination." (D.I. 1 at 15) The Court does not agree, finding, instead, that an interlocutory appeal would only promote piecemeal determination of the questions raised in the adversary action and would likely create unnecessary delay.

        **d.**    **Other considerations.** Furthermore, Plaintiffs fail to present exceptional circumstances justifying the need for immediate review. *See DeLalla v. Hanover Ins.*, 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010) ("Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation."). The Court does not find any "circumstance or reason that distinguishes the case from the procedural norm and establishes the need for immediate review." *In re Magic Rests., Inc.*, 202 B.R. 24, 26-27 (D. Del. 1996).

**4.**    **Conclusion**. For the foregoing reasons, the Court concludes that an interlocutory review of the Bankruptcy Court's August 4, 2010 Order is not warranted. Plaintiffs' motion for leave to appeal (D.I. 1) is, therefore, denied.

_____
Honorable Leonard P. Stark
UNITED STATES DISTRICT JUDGE